UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE TIEMANN,

       Plaintiff,

-v-

Case No. 09-10315

BEST BUY CO., INC., a
Minnesota Corporation,

       Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 4290
Bingham Farms, MI 48025
(248) 220-1966
E-mail: Joeynlaw@aol.com
_____/

## Complaint and Demand for Jury Trial

NOW COMES the plaintiff, Josephine Tiemann, by and through her attorneys, The Niskar Law Firm, PLLC, and in support of her complaint against the defendant, hereby states as follows:

### A. Statement of Jurisdiction

1. The plaintiff is a resident of the County of Livingston, State of Michigan.

2. The defendant, Best Buy Co., Inc. (hereafter "defendant") is a Minnesota Corporation, which regularly conducts business in the County of Oakland, State of Michigan.

3. The defendant owns and operates retail stores located throughout the geographic region encompassing the Eastern District of Michigan, Southern Division.

4. As the defendant regularly and routinely conducts business in the geographic region

encompassing the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over the defendant, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq*. Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343(4) and 42 USC § 2000e-5.

6. Since there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, this Honorable Court likewise possesses original subject matter jurisdiction over this case pursuant to 28 USC § 1332.

7. With regard to the Court's jurisdiction under 28 USC § 1331, this Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

### B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

8. Plaintiff was originally hired by the defendant in February of 1998.

9. In 2006, the defendant promoted plaintiff to the position of general store manager. As of February of 2008, plaintiff was the general store manager for the defendant's Farmington Hills, Michigan, store location.

10. Plaintiff notified her district manager that she was pregnant during, or around the first week of February of 2008.

11. Within approximately two weeks or less, the defendant demoted plaintiff from general store manager, to a part-time cashier.

12. The defendant demoted the plaintiff in whole, or alternatively in part, because of her pregnancy.

13. The plaintiff, as a pregnant woman, was a member of a class of persons protected by 42 USC § 2000e, *et seq*., the plaintiff suffered an adverse employment action in that she was demoted, plaintiff was qualified for the general store manager position she held, and other

comparable nonpregnant persons were treated better than plaintiff was treated. All reasons for the plaintiff's demotion proffered by the defendant are pretextual and false.

### C. Count I – Sex Discrimination in Violation of Title VII of the Civil Rights Act, 42 USC § 2000e, *et seq*. Single-Motive, or Alternatively, Mixed-Motive Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

14. The plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq*., (herein referred to as "Title VII").

15. The defendant was an "employer" of the plaintiff within the meaning of Title VII.

16. The defendant treated the plaintiff in a manner that was different than and more adverse than other comparable employees who were not pregnant.

17. The defendant demoted the plaintiff in whole, or alternatively in part, because of and/or on the basis of her pregnancy in violation of Title VII.

18. The defendant thus discriminated against the plaintiff because of sex and/or on the basis of sex due to her pregnancy in violation of Title VII.

19. The defendant's violation(s) of Title VII was/were done with malice and/or reckless indifference to the plaintiff's rights, thereby subjecting the defendant to punitive damages, in addition to all other damages available at law.

20  As a direct and proximate result of the defendant's violation(s) of Title VII, the plaintiff suffered emotional distress, mental anguish, embarrassment, and all other types of non-economic damages available at law.

21. As a direct and proximate result of the defendant's violation(s) of Title VII, the plaintiff suffered economic damages including loss of wages/salary, loss of benefits, back pay, front pay, loss of stock options, and all other types of economic damages available at law.

22. Plaintiff is entitled to recover, and hereby claims all such damages mentioned above.

23. Plaintiff alternatively seeks all equitable remedies available under the law, including reinstatement into her original position as a general store manager, restoration of seniority

rights and/or opportunities for promotion, a declaration that the defendant has violated Title VII by discriminating against the plaintiff on the basis of her pregnancy, the entry of an injunctive order prohibiting the defendant from further acts of pregnancy discrimination, the entry of an injunctive order providing that the defendant cannot take any adverse employment action against the plaintiff in retaliation for exercising her rights under Title VII, and the entry of an injunctive order prohibiting the defendant from taking any adverse employment action against the plaintiff except upon a showing of good cause.

24. Plaintiff is further claiming as damages all costs and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to Title VII, as well as all punitive and exemplary damages available at law.

### D.  Count II – Sex Discrimination in Violation of the Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq.*; MSA § 3.548(101), *et seq.* Single-Motive, or Alternatively Mixed-Motive Discrimination

Plaintiff incorporates all prior averments, as if fully set forth herein.

25. The plaintiff was an "employee" of the defendant within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL § 37.2102, *et seq*; MSA § 3.548(101), *et seq* (hereafter referred to as the "ELCRA").

26. The defendant was an "employer" of the plaintiff within the meaning of the ELCRA.

27. The defendant treated the plaintiff in a manner that was different than and more adverse than other comparable employees who were not pregnant.

28. The defendant demoted the plaintiff in whole, or alternatively in part, because of and/or on the basis of her pregnancy in violation of the ELCRA.

29. The defendant thus discriminated against the plaintiff because of sex and/or on the basis of sex due to her pregnancy in violation of the ELCRA.

30  As a direct and proximate result of the defendant"s violation(s) of the ELCRA, the plaintiff suffered emotional distress, mental anguish, embarrassment, and all other types

of non-economic damages available at law.

31. As a direct and proximate result of the defendant's violation(s) of the ELCRA, the plaintiff suffered economic damages including loss of wages, loss of benefits, back pay, front pay, loss of stock options, and all other types of economic damages available at law.

32. Plaintiff is entitled to recover, and hereby claims all such damages mentioned above.

33. Plaintiff alternatively seeks all equitable remedies available under the law, including reinstatement into her original position as general store manager, restoration of seniority rights and/or opportunities for promotion, a declaration that the defendant has violated the ELCRA by discriminating against the plaintiff on the basis of her pregnancy, the entry of an injunctive order prohibiting the defendant from further acts of pregnancy discrimination, the entry of an injunctive order providing that the defendant cannot take any adverse employment action against the plaintiff in retaliation for exercising her rights under the ELCRA, and the entry of an injunctive order prohibiting the defendant from taking any adverse employment action against the plaintiff except upon a showing of good cause.

34. Plaintiff is further claiming as damages all costs and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ELCRA, as well as all punitive and exemplary damages available at law.

### E.  Compliance with Statutory Procedural Requirements

Plaintiff incorporates all prior averments, as if fully set forth herein.

35. Plaintiff timely filed a charge of discrimination with the appropriate administrative agency (i.e., the Michigan Department of Civil Rights and/or the Equal Employment Opportunity Commission), was issued a right to sue letter, and timely filed this action within the appropriate time period(s) under both Federal and State law.

WHEREFORE the plaintiff respectfully prays for judgment against the defendant, for all compensatory damages, punitive damages, liquidated damages, exemplary damages, and

economic damages available at law, and/or seeks all equitable relief mentioned above, together with costs, interest and attorney fees incurred in having to investigate, pursue, litigate and prosecute the instant action.

                                                Respectfully submitted,

                                                THE NISKAR LAW FIRM, PLLC

                                                By: /s/ Joey S. Niskar
                                                JOEY S. NISKAR (P55480)
                                                Attorney for Plaintiff
                                                30600 Telegraph Rd., Ste. 4290
                                                Bingham Farms, MI 48025
                                                (248) 220-1966
Dated:  January 27, 2009                         E-mail: Joeynlaw@aol.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE TIEMANN,

    Plaintiff,

                                                      Case No. 09-10315

-v-

BEST BUY CO., INC., a
Minnesota Corporation,

    Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 4290
Bingham Farms, MI 48025
(248) 220-1966
E-mail:  Joeynlaw@aol.com
_____/

## Demand for Jury Trial

The plaintiff, Josephine Tiemann, by and through her attorneys, The Niskar Law Firm, PLLC, hereby demands a trial by jury on all issues in the instant action.

                        Respectfully submitted,

                        THE NISKAR LAW FIRM, PLLC

                        By: /s/ Joey S. Niskar
                        JOEY S. NISKAR (P55480)
                        Attorney for Plaintiff
                        30600 Telegraph Rd., Ste. 4290
                        Bingham Farms, MI 48025
                        (248) 220-1966
Dated:  January 27, 2009            E-mail: Joeynlaw@aol.com