**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPHINE TIEMANN,

      Plaintiff,                       CIVIL ACTION NO. 09-10315

   vs.

                                          DISTRICT JUDGE ARTHUR J. TARNOW

BEST BUY STORES, L.P.,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW OF DOCUMENT AND DETERMINATION (DOCKET NO. 39)**

This matter comes before the Court on Defendant's Motion for Reconsideration of Order Granting in Part Defendant's Motion for *In Camera* Review of Document and Determination, filed on October 27, 2010. (Docket no. 39). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. ___).

Defendant brings this motion asking the Court to reconsider and/or modify its October 13, 2010 Order which held that an email sent by Plaintiff to the personal email account of Byrne Doyle, Territory General Manager for Defendant Best Buy, is a privileged communication between Plaintiff and her attorney, the email was inadvertently sent to Doyle instead of to her attorney, and that the inadvertent disclosure did not waive the privilege. (Docket no. 36). The Order provides that the Defendant and Byrne Doyle: (1) must destroy all paper copies of the email, (2) must permanently delete all electronic copies of the email from all computer programs, hard-drives, and other electronic devices upon which the email may be saved, (3) are prohibited from disclosing the

1

contents of the email to anyone, and (4) are prohibited from utilizing the email and/or its contents for any purpose. (Docket no. 36).

In the instant motion, Special Counsel for Defendant Best Buy states that it has been retained by Defendant for the purpose of advising Defendant's counsel whether there is a basis on which to file Objections to the Order. The motion asks the Court to modify the October 13, 2010 Order to permit Special Counsel for Defendant to review the disputed email for that limited purpose. Defendant also asks the Court to reconsider and reverse its Order, and grant it a seven day extension of time in which to file Objections to the Order.

Pursuant to this Court's local rules, motions for reconsideration that "merely present the same issues ruled upon by the court" will not be granted. E.D. Mich. LR 7.1(h)(3). In addition, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Guaranty Residential Lending, Inc. v. Homestead Mortg. Co., LLC*, No. 04-74842, 2006 WL 2711815, at *1 (E.D. Mich. Sept. 21, 2006) (citation omitted).

The Court finds that Defendant has failed to show a palpable defect or that the correction of any palpable defect would result in a different disposition of the motion. Accordingly, the motion for reconsideration will be denied insofar as the Court will not reconsider or reverse its Order. However, the Court will modify its Order to permit Special Counsel for Defendant to review the disputed email for the purpose of advising Defendant's counsel whether there is a basis on which to file Objections with the district court. Since the district court has entered an Order extending the time to file Objections to the October 13, 2010 Order (docket no. 41), that portion of Defendant's

motion is moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Order Granting in Part Defendant's Motion for *In Camera* Review of Document and Determination (docket no. 39) is **GRANTED IN PART** to the extent that the Court will modify its October 13, 2010 Order to permit Special Counsel for Defendant to review the disputed email for the purpose of advising Defendant's counsel whether there is a basis on which to file Objections to the Order. In all other respects Defendant's motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 4, 2010        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  November 4, 2010       s/ Lisa C. Bartlett
                               Case Manager